**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO:**

CARLOS TORRES,

    Plaintiff,

v.

JK HIALEAH LLC,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, CARLOS TORRES ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendant, JK HIALEAH LLC (hereafter "JKH" or "Defendant") and alleges the following:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendant refused to pay Plaintiff during the past three (3) years.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, JKH, was a Florida limited liability company transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, JKH, is headquartered at 7707 NW 103rd Street Hialeah Gardens, Florida 33016.

5. Defendant, JKH, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant, JKH, supervised Plaintiff's work on a daily basis, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

7. During all times material hereto, Defendant, JKH, was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

## JURISDICTION AND VENUE

8. All acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendant, JKH regularly transacts business in Miami-Dade County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

10. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11. Defendant, JKH, owns and operates the Holiday Inn located at 7707 NW 103rd Street in Hialeah Gardens, Florida.

12. Plaintiff worked for Defendant as a non-exempt, hourly maintenance worker from in or around September 2021 until January 25, 2022.

**FLSA COVERAGE**

13. Defendant, JKH, is covered under the FLSA through enterprise coverage, as JKH was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, JKH engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. JKH's business and Plaintiff's work for JKH affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

14. During his employment with Defendant, JKH, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: cell phones, clothing, paint brushes, paint, ladders, pressure washers, drop cloths, scaffolding, lifts, caulk and compound, sandpaper and various scrapers, rollers, paint sprayers, extension cords, pencils, pens, paper, tape, keyboards, computers, cables, hammers, screws, wrenches, plungers, washers, tubes, nails, screwdrivers, paperclips, envelopes, telephones, stamps, markers, staplers, staples, invoices, cash, checks, masks, etc.

15. JKH also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making JKH's business an enterprise covered by the FLSA.

16. Upon information and belief, JKH grossed or did business in excess of $500,000.00 during the year of 2021 and is expected to gross in excess of $500,000.00 in 2022.

17. During his employment with Defendant, Plaintiff (i) performed non-exempt manual labor; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

18. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

19. Plaintiff worked for Defendant as an hourly maintenance worker from September 2021 until on or about January 25, 2022.

20. During Plaintiff's employment period, Plaintiff regularly worked more than forty (40) hours per week.

21. However, Defendant automatically deducted thirty (30) minutes each workday for a "meal period" that Plaintiff was not permitted to take.

22. Defendant did not require Plaintiff to clock-out for his meal period and did not otherwise record when (if ever) Plaintiff was relieved of duties for the purposes of having a meal.

23. Defendant also routinely required Plaintiff to work off-the-clock for more than 15-minutes.

24. Plaintiff was regularly required to work through his meal period and was not completely relieved of his duties for a meal, notwithstanding Defendant's automatic 30-minute deduction from Plaintiff each day for a meal period. This resulted in Plaintiff working in excess of 40-hours in certain workweeks and not being fully compensated the appropriate overtime premium.

25. Defendant's payroll records during the relevant time period do not accurately reflect the hours worked by Plaintiff.

26. Moreover, Defendant did not maintain accurate time records during Plaintiff's employment period.

27. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

28. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

29. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

30. Defendant refused to pay Plaintiff one-and-one-half times his regular hourly rate for some hours of work over forty (40) in one or more weeks of his employment.

31. Defendant automatically deducted 30-minutes per day from Plaintiff for a meal period which he was not permitted to take, including during workweeks when Plaintiff worked over forty (40) hours.

32. Defendant also frequently required Plaintiff to work off-the-clock for more than 15-minutes.

33. Defendant knew or should have known that Plaintiff did not take a meal break and was required to work off-the-clock during weeks when Defendant made automatic lunch deductions and when Plaintiff worked forty (40) or more hours.

34. Defendant knew or should have known of the work Plaintiff performed for Defendant that exceeded 40 hours in certain workweeks.

35. During all times material hereto, Plaintiff's off-the-clock work was more than de-minimus.

36. Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during his employment period.

37. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

38. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

39. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CARLOS TORRES, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, JK HIALEAH LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CARLOS TORRES, demands a trial by jury on all appropriate claims.

**Dated this 11th day of February 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 11, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**